UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:10-cv-0450-TWP-DML |
| | ) |
| THOMAS EDWARD ABRELL, | ) |
| Individually and d/b/a | ) |
| KILGORE SPORTS BAR, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

This matter is before the Court on Defendant Thomas Edward Abrell, individually and d/b/a Kilgore Sports Bar's ("Mr. Abrell" or "Defendant") Motion to Set Aside Default. Pursuant to Federal Rules of Civil Procedure 55(a), default was entered against Defendant by the Clerk of this Court on September 7, 2010 upon request of Plaintiff. Defendant now moves the Court to set aside the default pursuant to Federal Rules of Civil Procedure 55(c). For the following reasons, the Court **DENIES** Defendant's Motion to Set Aside Default [Dkt. 19].

## **I. BACKGROUND**

This case involves the alleged broadcasting of the "Ultimate Fighting Championship 83: Matt Sera v. Georges St. Pierre II" ("the Broadcast") on April 19, 2008. Pursuant to contract, Plaintiff Joe Hand Promotions, Inc. ("Plaintiff") possessed exclusive nationwide commercial distribution rights[1] to this closed-circuit broadcast, as well as the power to sub-license the Broadcast to authorized commercial establishments. Kilgore Sports Bar, a Muncie, Indiana bar owned and staffed by Mr. Abrell, was not an authorized commercial establishment, yet is alleged

---

[1] Plaintiff's distribution rights encompassed all undercard events along with the main event of the "Ultimate Fighting Championship 83: Matt Sera v. Georges St. Pierre II."

to have intercepted and transmitted the Broadcast.

Because of this unauthorized broadcast, Plaintiff filed suit in this Court on April 16, 2010 alleging violation of Title 47 U.S.C. Section 553 *et seq.*, as well as conversion. On August 17, 2010, Plaintiff submitted to the Court 'proof of service' [Dkt. 14]. On September 2, 2010, Plaintiff made a Motion for Entry of Default [Dkt. 15], which was subsequently granted by the Clerk of the Court and issued on September 7, 2010 [Dkt. 17]. Nearly one month later, on October 5, 2010, Defendant filed the present Motion to Set Aside Default.

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 55(c) states, "The court may set aside an entry of default for good cause." The Seventh Circuit has found that a party seeking to vacate an entry of default prior to the entry of final judgment, as is the case here, must show: "(1) good cause for the default; (2) quick action to correct it; *and* (3) a meritorious defense to the complaint." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009) (citations omitted and emphasis added); *see also* Fed.R.Civ.P. 55(c). While the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test "is more liberally applied in the Rule 55(c) context." *Id.*; *United States v. Di Mucci,* 879 F.2d 1488, 1495 (7th Cir. 1989).

## III. <u>DISCUSSION</u>

Defendant contends that the Court should vacate the entry of default for the following reasons: (1) insufficient service of the complaint and summons, (2) prompt action taken by Defendant to correct the default, and (3) the existence of a meritorious defense to the suit. As the Court finds the first requirement of good cause to be dispositive, the Court will begin its discussion with this first hurdle.

"A signed return of service constitutes *prima facie* evidence of valid service which can

be overcome only by strong and convincing evidence." *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993) (quotation marks omitted). The Seventh Circuit has stated that to make a *prima facie* showing, the movant must simply produce a return of service identifying the recipient and noting when and where service occurred, thereby providing enough detail so the opposing party knows what evidence he must rebut. *Relational, LLC v. Hodges*, 627 F.3d 668, 672 (7th Cir. 2010); *compare with Homer v. Jones-Bey*, 415 F.3d 748, 754 (7th Cir. 2005) (suggesting a bare-bones return of service <u>lacking an address or a receiving individual</u> *might be* insufficient to discharge the *prima facie* burden).

Although Plaintiff submitted to the Court a return of service, Defendant nonetheless contends that Plaintiff failed to satisfy its *prima facie* burden and, thus, good cause for the default exists. The Court has been presented with affidavits from Mr. Abrell and his wife, both claiming that neither received a copy of the Complaint nor Summons allegedly delivered to their residence. Defendant additionally claims that because Plaintiff's proof of service did not specifically indicate upon whom service was perfected, or contain a signature from any individual upon whom service was perfected, service was invalid. The Court is not persuaded.

Here, Defendant submitted proof of service which identifies that on August 12, 2010 at 9:10 a.m., Defendant's process server, A.M. Green, delivered the Complaint, Summons, and other documents to 3625 North Royal Oak Drive, Muncie, Indiana, 47304. The proof of service contained the Defendant's address, Defendant's name as the party served, the statement "I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party," and Green's signature. In addition to the signed return of service, Plaintiff submitted to the Court a certified affidavit from Green, filed contemporaneously with Plaintiff's Response in Opposition to the present Motion, stating that on

3

August 12, 2010, Green served the documents to a man who identified himself as Thomas Abrell, at 3625 North Royal Oak Drive, in Muncie, Indiana. Through its return of service, and subsequent affidavit, Plaintiff has made more than a sufficient showing of valid service.

Once Plaintiff has made a *prima facie* showing of valid service, the burden shifts to Defendant to rebut the presumption of service by strong and convincing evidence. *Relational, LLC*, 627 F.3d at 673. The Court therefore turns to the consideration of the evidence presented by Defendant. Defendant's sole contention is that he never received a copy of the Complaint and Summons. As evidence of this fact, Defendant submitted to the Court affidavits stating that neither he nor his wife received valid service. This, however, fails to meet the threshold necessary to rebut the presumption of valid service. This issue was addressed by the Northern District of Illinois in *Bilal v. Rotec Industries, Inc.*, 2004 WL 1794918, at *3 (N.D.Ill. August 05, 2004). Though not controlling, it is instructive. The *Bilal* court found that allegations of not being served, even if it was contained in an affidavit, were insufficient to counter the strong and convincing evidence presented by the signed return of service filed with the court. *Id.*; s*ee also Trustees of Local Union No. 727 Pension Fund v. Perfect Parking, Inc.,* 126 F.R.D. 48, 52 (N.D.Ill. 1989). Similar to *Bilal*, this Court finds the affidavits presented by Defendant insufficient to rebut Plaintiff's clear and convincing evidence of service.

Defendant has not presented sufficient evidence of good cause required to vacate an entry of default. Although this deficiency proves dispositive and the Court need not address the remaining elements, the Court will briefly examine the other test factors.

Defendant has not established a meritorious defense to the complaint. "A meritorious defense requires more than a general denial and bare legal conclusions." See *Pretzel & Stouffer v Imperial Adjusters, Inc.*, 28 F.3d 42. In his Motion, Mr. Abrell simply claims that he is "the

4

owner of Kilgore Sports Bar and he did not broadcast Ultimate Fighting Championship 83: Matt Serra v Georges St. Pierre II on Saturday, April 19, 2008 as alleged in Plaintiff's Complaint." The Seventh Circuit has held that "a defendant's response to a motion for default judgment was insufficient if it lacked grounding in facts which would support a meritorious defense of the action by the non-moving party." *Merrill Lynch v Narayan,* 908 F.2d at 252 (7th Circuit 1990). They have also held that a meritorious defense requires more than a "general denial" and "bare legal conclusions." *Breuer Electric Manuf. Co. v. Toronado Systems of America,* 687 F.2d 182, 186 (7th Cir.1982). Defendant's generalized denial does not suffice to establish existence of a meritorious defense.

Finally, this Court finds the Defendant did not act quickly to correct his default, but instead waited for nearly one month after he became aware of the default, to file this Motion. Defendant needed to meet all three Rule 60(b) requirements in order to cure his default. This Court finds that Defendant has failed to clear any of the hurdles.

### IV. CONCLUSION

For the aforementioned reasons, Defendant's Motion to Set Aside Default is **DENIED** [Dkt. 19].

SO ORDERED. 05/25/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution attached.

5

Distribution to:

Thomas P. Riley
Law Offices of Thomas P. Riley
tprlaw@att.net

Robert D. Emmerson
DeFur Voran LLP
remmerson@defurlcom