UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:10-cv-00450-TWP-DML |
| v. ) | |
| ) | |
| THOMAS EDWARD ABRELL, individually ) | |
| and d/b/a KILGORE SPORTS BAR, ) | |
| ) | |
| Defendant. | |

### ENTRY ON MOTION TO ALTER OR AMEND JUDGMENT

Plaintiff, Joe Hand Promotions, Inc. ("Joe Hand") has brought a Motion to Alter or Amend Judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure. Joe Hand asks the Court to reconsider its Entry on Motion for Default Judgment and Damages (Dkt. 36) on two grounds: (1) the court committed manifest errors of law in its analysis, and (2) there is new evidence that was not available at the time of the parties briefing that weighs strongly in favor of the plaintiff. For the reasons explained in this Entry, Joe Hand's motion (Dkt. 38) is **DENIED**.

### I.  BACKGROUND

As outlined in the Court's June 27, 2012 Order, this case involves the unauthorized broadcasting of the "Ultimate Fighting Championship 83: Matt Sera v. Georges St. Pierre II" ("the Broadcast") by Defendants Thomas Edward Abrell ("Mr. Abrell") individually and doing business as Kilgore Sports Bar (collectively, "Defendants"). Pursuant to contract, Joe Hand possessed exclusive nationwide commercial distribution rights[1] to this closed-circuit broadcast, as well as the power to sub-license the Broadcast to authorized commercial establishments. On

---

[1] Joe Hand's distribution rights encompassed all undercard events along with the main event "Ultimate Fighting Championship 83: Matt Sera v. Georges St. Pierre II."

April 19, 2008  Kilgore Sports Bar, a Muncie, Indiana bar owned and staffed by Mr. Abrell, was not an authorized commercial establishment, yet the establishment intercepted and transmitted the Broadcast.  Joe Hand filed a lawsuit to obtain damages from Mr. Abrell alleging violations of 47 U.S.C. §§ 553 and 605, and a state law claim for conversion.  The Court determined Joe Hand could not file a state law claim for conversion in addition to federal claims under § 553 and § 605.  Additionally, the Court determined Joe Hand is not allowed to simultaneously pursue relief under both §§ 553 and 605 because they determine two distinct types of piracy.  The Court accepted Joe Hand's request to proceed under § 605.

Mr. Abrell failed to answer the Complaint and a Clerk's entry of default was entered against him.  Thereafter, the parties each filed memorandums on the issue of damages. Mr. Abrell requested that this Court award nominal or actual damages against him and Joe Hand sought damages of $110,000.00, the maximum permissible under the statute.  After careful and deliberate consideration, this Court granted an entry of default judgment against the Defendants and awarded Joe Hand damages in the sum of $2,500.00. (Dkt. 36).  On July 25, 2012, Joe Hand filed a Motion to Alter or Amend Judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure (Dkt. 38).

## II. LEGAL STANDARD

In order to prevail on a Rule 59 motion, plaintiffs must "clearly establish":  (1) that there has been a manifest error in law or fact; or (2) that newly discovered evidence precludes entry of judgment.  *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (quoting *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001) (abrogated on other grounds)). Whether to grant a motion to alter or amend is within the sound discretion of the trial court. *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).  Rule 59 motions do not give a party the

opportunity to rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). Instead, such motions are "valuable" when "the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension . . . [or] a controlling or significant change in the law or facts since the submission of issue to the court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Arguments that a court was in error on the issues it already considered should be directed to the court of appeals. *Refrigeration Sales Co. Inc., v. Mitchell-Jackson, Inc.*, 605 F. Supp. 6, 7 (N.D. Ill. 1983).

### III.  DISCUSSION

Joe Hand respectfully requests this Court amend its judgment entry and award him the maximum in statutory damages based upon his assertion that: (1) the Court committed manifest errors of law in its analysis, and (2) there is new evidence that was not available at the time of the parties briefing that weighs strongly in his favor. The Court will address the two issues in turn:

**A.    Manifest Errors in Law or Fact**

Joe Hand argues the Court committed manifest errors in law in its analysis when the Court noted Kilgore Sports Bar's precarious financial state and found "the deterrence consideration is subject to extenuating circumstances, as Mr. Abrell is 'actively seeking to leave the bar business and is working diligently to transfer ownership.'" Dkt. 38 at 3 (quoting Dkt. 36 at 6). Joe Hand argues the Court may not consider a defendant's financial status when determining damages and supports his argument by making an inference that Mr. Abrell still

owns Kilgore Sports Bar, Mr. Abrell's liquor license does not expire until February 9, 2013, and Mr. Abrell did not provide the name of the buyer of Kilgore Sports Bar in his original affidavit. Dkt. 38 at 3. Additionally, Joe Hand argues the Court's award of $42,783.73 in damages under a similar factual scenario in *J&J Sports Productions, Inc. v. McCausland*, No. 1:10-cv-01564-TWP, 2012 WL 113786 (S.D. Ind. Jan. 13, 2012), is inconsistent with the case at bar. More specifically, Joe Hand claims the inconsistency lies within the awarding of $30,000.00 under § 605 in *McCausland* compared to the $1,500.00 awarded under § 605 in this case.

A "manifest error" is a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Hickory Farms, Inc. v. Snackmaster, Inc.*, 509 F. Supp. 2d 716, 719 (N.D. Ill. 2007) (citing *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000)). The Court's analysis in this case was not a manifest error and was identical to its analysis in *McCausland*. While the Court did mention Defendants dire financial state, the Court looked to a range of factors when it considered how much to award in enhanced damages in both *McCausland* and the case at bar. Those factors included: (1) the number of violations; (2) defendant's unlawful monetary gains; (3) plaintiff's actual damages; (4) whether defendant advertised for the event; and (5) whether defendant collected a cover charge on the night of the event. *Kingvision Pay-Per-View, Ltd v. Rodriguez*, No. 02 CIV. 7972 (SHS), 2003 WL 548891, at *2 (S.D.N.Y. Feb. 25, 2003). In connection with those factors, courts also consider the deterrent effect of the award, with an eye toward imposing an award that is substantial enough to discourage future lawless conduct, but not so severe that it seriously impairs the viability of the defendant's business. *See, e.g.*, *Garden City Boxing Club, Inc. v. Polanco*, No. 05 Civ. 3411(DC), 2006 WL 305458, at *5 (S.D.N.Y. Feb. 7, 2006) (awarding total damages of $12,000.00).

As the Court noted in the *McCausland* decision, courts have imposed a wide range of enhanced damages. *Compare Rodriguez*, 2003 WL 548891, at *2 (assessing an enhancement of $1,000.00 for each act of piracy) *with Joe Hand Promotions, Inc. v. Carranza*, No. 1:09cv0984 LJO DLB, 2009 WL 4254460, *3 (E.D. Cal. Nov. 24, 2009) (awarding $10,000.00 in statutory damages and $90,000.00 in enhanced damages, considering that the establishment had an occupancy of 250, was in close proximity to an urban city, had nine television screens, and charged $10.00 cover).

The Court also considered the defendants' efforts to aid the Court in arriving at an appropriate damages figure in the case at bar and in *McCausland*. Here, Mr. Abrell made persuasive arguments stating why damages should be limited. *See* Dkt. 36 at 6. Conversely, the defendants in *McCausland* did not respond and failed to aid the court in any way in arriving at an appropriate damages figure. Furthermore, in *McCausland* this Court stated it "accords weight to the fact that Defendants have opted not to respond to Plaintiff's allegations in any fashion whatsoever. Not only does this failure to respond evince willfulness, it also precludes the Court from analyzing how a given damages award might impair the commercial viability of Defendants' business." This distinction between *McCausland* and the case at bar is an important distinction and the chief reason for the difference between the awarded damages.

**B.    Newly Discovered Evidence**

Next, Joe Hand asserts there is newly discovered evidence which shows Mr. Abrell was still the owner of the liquor license for Kilgore Sports Bar and owner of Kilgore Sports Bar after the Court issued its Entry on June 27, 2012. Joe Hand argues this new evidence should be enough for the Court to increase the amount of damages awarded to Joe Hand. The Court disagrees.

To support a Rule 59(e) motion for reconsideration based on newly discovered evidence, the moving party must show that he did not know and could not have discovered with reasonable diligence the evidence proffered in the motion for reconsideration until after judgment was rendered. *Caisse Nationale de Credit v. CBI Industries,* 90 F.3d 1264, 1269 (7th Cir.1996). The Court finds that any "new" evidence was available to Joe Hand upon the exercise of due diligence prior to the Court's June 27, 2012 Entry (Dkt. 36). In particular, the evidence surrounding the status of Mr. Abrell's liquor license was easily accessed by viewing a public internet website. Additionally, even if the evidence at issue were characterized as "newly discovered" the Court does not find the "new" evidence to be a game changer because Mr. Abrell has shown that he is not the owner of Kilgore Sports Bar. Mr. Abrell responds to Joe Hand's assertions with evidence of a signed and effectuated Sales Agreement (Dkt. 39-1), and an affidavit stating that he was required to renew the bar's liquor license to effectuate the Sales Agreement of Kilgore Sports Bar with James Delk in a timely fashion. Dkt. 39-2 at 2 ¶9. Mr. Delk then had to apply to have the liquor license transferred to his name after the Sales Agreement was signed and closed. Dkt. 39-1 at 2 §2; Dkt. 39-2 at 2 ¶10.

The Court noted in its Entry on June 27, 2012 that when considering the deterrent effect of a damages award, the Court would consider extenuating circumstances. Dkt. 36 at 6. In this case, the Court found the extenuating circumstance to be that Mr. Abrell was actively seeking to leave the bar business and was working diligently to transfer ownership. Dkt. 31 at 11. The evidence now offered by Mr. Abrell bolsters the rationale used by the Court in its Entry on June 27, 2012. Accordingly, Joe Hand has not demonstrated any "new evidence" that is a sufficient basis for an amendment of the judgment pursuant to Rule 59(e).

Finally, the Court finds it troubling that Mr. Abrell did not disclose the actual sale of Kilgore Sports Bar prior to the Court's Entry on June 27, 2012 (Dkts. 36, 39-1). Mr. Abrell noted "the purchase price of two thousand five hundred dollars was agreed to months before the Court's June 27, 2012 Entry and the fact the judgment was for the same amount was simply a coincidence." Dkt. 39 at 3 n.2. Although the disclosure of this sale would not have altered the Court's award of damages, Mr. Abrell's delay in disclosing the sale of Kilgore Sports Bar is apparent. The Seventh Circuit has stated that a party's counsel has "a continuing duty to inform the Court of any development which may conceivably affect the outcome of the litigation." *Cleveland Hair Clinic, Inc. v. Puig*, 200 F.3d 1063, 1067–68 (7th Cir.2000). Counsel is reminded of this duty.

## IV.  CONCLUSION

Joe Hand has not demonstrated a sufficient basis for the amendment of the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The Court did not make a manifest error in law or fact. Additionally, the evidence presented by Joe Hand in its Motion to Alter or Amend Judgment (Dkt. 38) and its Reply to Defendant's Response to Plaintiff's Motion to Alter or Amend Judgment (Dkt. 40) does not warrant an amendment to the judgment awarded to Joe Hand. Accordingly, Joe Hand's Motion to Alter or Amend Judgment is **DENIED**.

SO ORDERED.

Date:    10/18/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

7

DISTRIBUTION:

Robert D. Emmerson
DEFUR VORAN LLP
remmerson@defur.com

Thomas P. Riley
LAW OFFICES OF THOMAS P. RILEY
tprlaw@att.net